IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

LEAH WEST,                               *

    Plaintiff,                       *

vs.                                      *
                           CASE NO.  4:26-CV-304
                                4:26-CV-352
PETE HEGSETH, Secretary of               *
Defense,
                          *

    Defendant.                           *
_____      *

O R D E R

Leah West, who is proceeding *pro se*, filed two civil actions against the Secretary of Defense.  The first action was filed on February 20, 2026.  *See* Compl., ECF No. 1 in 4:26-CV-304 ("4:26-CV-304 Complaint").  The second action was filed on March 6, 2026. *See* Compl., ECF No. 1 in 4:26-CV-352 ("4:26-CV-352 Compl.").  In both actions, West invokes the federal sector provision of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16.  West filed several motions that are pending before the Court.  The Court makes the following rulings.

## I.    West's "Ex Parte Motion for Expedited Ruling" (ECF No. 12 in 4:26-CV-304)

West filed an "Ex Parte Motion for Expedited Ruling," in which she seeks to redact her phone number, home address, and email address from public court records.  Mot. for Expedited Ruling, ECF No. 12 in 4:26-CV-304.  West asserts that her cell phone number is

being used by unknown individuals to commit fraud, and she has contacted the Clerk's office to report suspicious vehicles and visitors near her home.  West believes that the issues with her cell phone number and the suspicious vehicles and visitors are related to the fact that her personal identifying information appears in some Court filings.  She asked the Court to "seal or redact" her phone number, home address, and email from public court records.

West did not identify which court filings contain her personal identifiers. Based on the Court's review of the docket in 4:26-CV-304, West included some personal identifiers (including her home address, telephone number, and email address) in documents that she filed with the Court, including her complaint and its exhibits.  The Court grants West's motion to the following extent: the Court directs the Clerk to restrict access to ECF No. 1 and its attachments so that it is only accessible by Court users and case participants.  West shall promptly file a redacted version of her complaint and its attachments in which her personal identifiers are redacted.  West is reminded that under the Court's administrative procedures, it is "the sole responsibility of counsel and the parties to redact personal identifiers. The clerk will not review documents for compliance with this rule, or redact documents, whether filed electronically or in paper form." CM/ECF Administrative Procedures 18.  Accordingly, West shall be

2

responsible for ensuring that her personal identifiers are redacted from her future filings.

If West contends that her personal identifiers are visible on other filings in this action, she shall file a motion to restrict access to those documents and submit redacted versions of the documents she contends should be restricted.  Any motion should include the docket numbers of the documents that West contends should be restricted.

In her motion, West also seeks to expedite the case schedule and require Defendant to respond before the deadline established by the applicable rules.  It is not clear whether West seeks an expedited schedule on her "Ex Parte Motion for Expedited Ruling" or for the entire action.  To the extent that West seeks an expedited schedule on her motion, that request is moot because the Court decided the motion without a response from Defendant.  To the extent that West contends that the Court should order Defendant to answer or otherwise respond to the complaint before the deadline established by the rules, the Court finds that such relief is not necessary or appropriate.  This request is denied.

## II.  West's Motion for Reconsideration (ECF No. 16 in 4:26-CV-352)

In addition to her "Ex Parte Motion for Expedited Ruling" in 4:26-CV-304, West filed a similar motion in 4:26-CV-352.  She sought to redact her phone number, home address, and email address from public court records. Mot. for Expedited Ruling, ECF No. 14

in 4:26-CV-352.  West appears to believe that the Court denied her prior motion seeking redaction, and she filed a motion for reconsideration.  But the Court previously GRANTED the "Motion for Expedited Ruling" to the extent that the Court directed the Clerk to restrict access to ECF No. 1 and its attachments in 4:26-CV-352 because West included her personal identifying information in her Complaint and its exhibits when she filed this action.  Order at 3-4 (Apr. 14, 2026), ECF No. 15 in 4:26-CV-352.  That has been done; the Complaint and its exhibits are no longer publicly accessible.  West, though, has not yet submitted a redacted version of her Complaint or its exhibits as she was ordered to do.  West shall file the redacted version of her Complaint and its exhibits within seven days.

In its prior order, the Court notified West that if her personal identifiers appear in other documents that are publicly available through the Court's electronic filing system, then she should file a motion to restrict those documents.  *Id.* at 4.  The Court also reminded West that she is responsible for ensuring that her personal identifiers are redacted from her filings.  *Id.* at 3.  Thus, if West's personal identifiers remain publicly available through documents on the Court's electronic fling system in 4:26-cv-352,  it  is  because  West  did  not  redact  those  personal identifiers from her filings and did not file a motion to restrict any documents that contain her personal identifiers.  West offered

no valid basis for reconsideration of the Court's prior ruling, and her motion for reconsideration is DENIED.

**III. West's "Motion to Amend Judgment" (ECF No. 17 in 4:26-CV-352)**

The Court previously denied West's "Motion to Take Notice of Administrative Defects in the EEO Process," ECF No. 4 in 4:26-CV-352.  Order at 2 (Apr. 14, 2026), ECF No. 15 in 4:26-CV-352.  West contends that after she filed a discrimination complaint with her agency's equal employment opportunity office, that office did not properly handle her complaint.  West asserts that the EEO office's actions were in retaliation for her prior complaints of discrimination and retaliation.  West asked the Court "to take notice of administrative defects in the EEO process."  Mot. (Mar. 6, 2026), ECF No. 4 in 4:26-CV-352.  As the Court explained in its order, this issue cannot be decided by judicial notice.

West filed a "Motion to Amend Judgment Under Rule 59(e)." Mot. (Apr. 20, 2026), ECF No. 17 in 4:26-CV-352.  She appears to be operating under the mistaken belief that the Court, in considering the motion she filed at ECF No. 4, made a ruling on the sufficiency of her operative complaint and entered judgment against her in Case No. 4:26-CV-352.  But that action, which West initiated when she filed her Complaint (ECF No. 1 in 4:26-CV-352), remains pending.  The Court has not made any ruling on the sufficiency of the Complaint, and no judgment has been entered.

Accordingly, the Court denies West's "Motion to Amend Judgment" (ECF No. 17 in 4:26-CV-352).

## IV.  Order to Recast

In reviewing West's operative Complaints in both cases (ECF No. 1 in 4:26-CV-304 and 4:26-CV-352), the Court observed that although both operative complaints invoke the federal sector provision of Title VII, West used the general pro se complaint form instead of the employment discrimination form.  Perhaps because of that, West's statement of the claim in each operative complaint lacks basic information about her claim, such as her place of employment (including the address), the dates of the alleged discriminatory acts, and the essential facts supporting her claims—like what specific adverse employment actions she suffered, who subjected her to the adverse employment actions, and how the adverse employment actions were causally connected to her protected class or protected conduct.  Because the operative Complaints as drafted do not appear to satisfy Federal Rules of Civil Procedure 8 and 10, the Court hereby orders West to recast her complaints in 4:26-CV-304 and 4:26-CV-352.  The Clerk shall provide West with the form complaint for employment discrimination claims.  West's recast complaints are due within twenty-one days of today's order.  Failure to file recast complaints that comply with the applicable rules may result in dismissal of West's actions.  West is reminded that she is responsible for ensuring

that her personal identifiers are redacted from her future filings. After West files her recast complaints, she must serve them in accordance with the applicable rules.

CONCLUSION

For the reasons set forth above, the Court:

♦ GRANTS West's "Ex Parte Motion for Expedited Ruling" (ECF No. 12 in 4:26-CV-304) to the extent explained above;

♦ DENIES West's Motion for Reconsideration (ECF No. 16 in 4:26-CV-352);

♦ DENIES West's "Motion to Amend Judgment" (ECF No. 17 in 4:26-CV-352); and

♦ ORDERS West to recast her complaint in 4:26-CV-304 and 4:26-CV-352 within twenty-one days of today's order.

IT IS SO ORDERED, this 29th day of April, 2026.

s/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

7