IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

LEAH WEST,                          *

    Plaintiff,                      *

vs.                                 *
                                         CASE NO. 4:26-CV-304 (CDL)
PETE HEGSETH, *Secretary,*         *                    4:26-CV-352 (CDL)
*Department of Defense*,
                                     *

    Defendant.                      *

_____    *

O R D E R

Leah West was an employee at the Fort Benning Army & Air Force Exchange Service, which is operated by the Department of Defense. West brought two *pro se* actions against the Secretary of Defense under the federal sector provision of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16.  In the first action, 4:26-CV-304, West alleges that she was subjected to racial discrimination and retaliation during her tenure at the Exchange.  In the second action, 4:26-CV-352, West alleges that she was retaliated against for complaining of discrimination.  Defendant filed motions to dismiss both actions as premature because West did not exhaust administrative remedies before filing her complaints.  West now admits that she filed both actions before the agency issued a final agency decision and well before 180 days elapsed from the date of her EEO complaints.  She seeks to stay both actions until the agency issues a final decision on each EEO complaint.  West also

contends that Defendant is in default in one of her actions.  For the reasons set forth below, the Court grants Defendant's motions to dismiss (ECF No. 25 in 4:26-CV-304 & ECF No. 30 in 4:26-CV-352), denies West's motions to stay (ECF No. 34 in 4:26-CV-304 & ECF No. 39 in 4:26-CV-352), denies West's motions for default judgment (ECF Nos. 24 & 27 in 4:26-CV-352), denies West's motion for a protective order (ECF No. 38 in 4:26-CV-304), and terminates as moot West's motion for leave to file a surreply (ECF No. 30 in 4:26-CV-304).

DISCUSSION

## I.   Defendant's Motions to Dismiss and West's Motions to Stay

Defendant argues that both of West's present actions should be dismissed because she did not exhaust administrative remedies before filing them.  "Before suing their employers for discrimination in federal court, federal employees must seek relief from the agency where the alleged discrimination occurred." *Jimenez v. U.S. Att'y Gen.*, 146 F.4th 972, 988 (11th Cir. 2025) (citing 42 U.S.C. § 2000e-16(b)-(c)).  "This requirement allows the agency to investigate the claim internally and 'try to informally resolve the matter.'"  *Id.* at 988-89 (quoting *Ramirez v. Sec'y, U.S. Dep't of Transp.*, 686 F.3d 1239, 1243 (11th Cir. 2012)).  A federal employee may file a civil action within ninety days of receiving notice of a final action by the agency on her EEO complaint.  42 U.S.C. § 2000e-16(c).  But if the agency does

2

not take final action on the employee's EEO complaint within 180 days after the employee files it, the employee may bring a civil action. *Id.*

West summarily alleged in her recast complaints that she exhausted all required administrative procedures before filing each action, but she admits that she has two pending complaints in the agency's Equal Employment Opportunity office, both of which she filed in February 2026. Mot. to Stay § 1, ECF No. 34 in 4:26-CV-304; Mot. to Stay § 1, ECF No. 39 in 4:26-CV-352. West also admits that there has been no final agency decision on either EEO complaint, that her EEO proceedings are still pending, and that she filed both civil actions shortly after she filed her EEO complaints—well before 180 days had elapsed. *See generally* Mots. to Stay. Thus, West has not yet exhausted the required administrative remedies, and her civil actions should be dismissed. West nonetheless contends that both premature actions should be stayed while her administrative proceedings continue. *Id.* Staying the admittedly premature actions would defeat the purpose of the administrative exhaustion requirement, which is to give the agency's EEO office an opportunity to investigate and resolve the dispute before a civil action is filed. West's argument for a stay is unpersuasive, and her motions are denied (ECF No. 34 in 4:26-CV-304 & ECF No. 39 in 4:26-CV-352). Defendant's motions to dismiss are granted (ECF No. 25 in 4:26-

CV-304 & ECF No. 30 in 4:26-CV-352). West's motion for a "protective order" prohibiting the agency from issuing a final agency decision (ECF No. 38 in 4:26-CV-304) is moot.

## II. West's Motions for Default Judgment

West contends that Defendant did not timely answer or otherwise respond to her complaint in 4:26-CV-352 and is thus in default in that action. A default may be entered when a defendant "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a).[1] West asserts that she served Defendant with the summons and a copy of her original complaint on March 16, 2026 and that Defendant is in default because he did not answer or otherwise respond by May 15, 2026. But before Defendant's response deadline expired, West filed a recast complaint, which superseded the original complaint. *See* Recast Compl. (Apr. 30, 2026), ECF No. 19 in 4:26-CV-352. Defendant's deadline to respond was "within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Fed. R. Civ. P. 15(a)(3). West asserts that she served Defendant with the Recast Complaint on May 6, 2026. *See* Proof of Service (May 19, 2026), ECF No. 29 in 4:26-CV-352. Therefore, Defendant's response deadline was May 20, 2026. Defendant timely filed a motion to

---

[1] A default judgment may only be entered against the United States "if the claimant establishes a claim or right to relief by evidence that satisfies the court." Fed. R. Civ. P. 55(d).

dismiss that day and is not in default.  Accordingly, the Court denies West's motions for default judgment (ECF Nos. 24 & 27 in 4:26-CV-352).

## CONCLUSION

For the reasons set forth above, the Court grants Defendant's motions to dismiss (ECF No. 25 in 4:26-CV-304 & ECF No. 30 in 4:26-CV-352) and denies West's motions to stay (ECF No. 34 in 4:26-CV-304 & ECF No. 39 in 4:26-CV-352).  West's motion for leave to file a surreply in opposition to the motion to dismiss (ECF No. 30 in 4:26-CV-304) is now moot, as is her motion to prohibit the agency from issuing a final agency decision on her EEO complaints (ECF No. 38 in 4:26-CV-304).  West's motions for default judgment (ECF Nos. 24 & 27 in 4:26-CV-352) are denied.

IT IS SO ORDERED, this 16th day of July, 2026.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA